```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


BRIAN R. LOWERY                    )
                                   )
     Plaintiff,                    )
                                   )     CIVIL ACTION NO.
v.                                 )     09-12024-DPW
                                   )
TOWN OF WESTWOOD and               )
WILLIAM P. SCOBLE,                 )
individually and as Chief          )
of Westwood Fire Department        )
                                   )
     Defendants.                   )
```

MEMORANDUM AND ORDER
July 14, 2010

This disabilities discrimination matter came on for hearing on the defendants' motion to dismiss to which the plaintiff filed no written opposition. I permitted the plaintiff to articulate an oral opposition at the hearing. Although the defendants' motion raises shortcomings in the pleading of plaintiff's complaint, the most fundamental problem concerns the threshold question of statute of limitations. The complaint recites a lengthy collection of events beginning in the 1980s and ending in 2004, which the plaintiff contends support a disabilities action in this court. The action, however, was not filed in this court until late 2009, some five or more years after the last event pled as supporting the action. Massachusetts disability law requires that the plaintiff have filed an action in this court "not later than three years after the alleged unlawful practice

-1-

occurred," Mass. Gen. Laws ch. 151B, § 9, or be barred by the statute of limitations.  Thus, in order to be timely, the plaintiff's complaint in this court was required to have been filed not later than 2007 under Massachusetts law.  There is no basis in the complaint or the record to find that the limitations period under federal law for this matter is any longer.  Having carefully reviewed the complaint and the governing law regarding the statute of limitations applicable to the filing of this dispute in this court, I am obligated to conclude that the complaint must be dismissed because this court is without authority to entertain this action commenced some two years after the statute of limitations expired.  Accordingly, the defendants' motion to dismiss is GRANTED.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE